UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMI MIKHAIL | : | No. 2:15-cv-01505 |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| AEROSEAL, LLC and SEQUENT, INC. | : | |
| *Defendants* | : | |
| | : | |

**REPLY BRIEF OF DEFENDANT SEQUENT, INC.
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.  MATTER BEFORE THE COURT**

Before this Honorable Court is the Reply Brief of Defendant Sequent, Inc. ("Sequent" or "Defendant") in further support of its Motion for Summary Judgment as to all remaining claims asserted against it in Plaintiff Rami Mikhail's ("Plaintiff" or "Mikhail") Amended Complaint.[1]

**II.  PRELIMINARY STATEMENT**

Plaintiff admits essentially every factual allegation in Sequent's Motion for Summary Judgment. Nevertheless, Plaintiff argues against Sequent's Motion for Summary Judgment by relying on inadmissible evidence and asserting that Sequent is an agent of Defendant Aeroseal LLC ("Aeroseal"). The facts, admitted by Plaintiff, demonstrate that Sequent merely carried out decisions made by Aeroseal when performing PEO services for Aeroseal. Accordingly, the Court

---

[1] Plaintiff failed to comply with Your Honor's internal procedures by "list[ing his] own additional disputed facts . . . with specific citations to the joint appendix." To the extent possible, Sequent will attempt to comply with Your Honor's internal procedures by responding to the admissions or denials included in Plaintiff's Response to Sequent's Statement of Undisputed Facts in the Reply Statement of Undisputed Facts that is being submitted along with this Reply Brief.

should grant summary judgment and dismiss with prejudice the lone remaining WPCL claim asserted against Sequent.[2]

### III. REPLY ARGUMENT

    A.    **The Severance Agreement upon which Plaintiff relies is inadmissible evidence that cannot be used to defeat a motion for summary judgment.**

In his opposition, Plaintiff relies on a severance agreement (the "Severance Agreement") presented to him when his employment terminated. The Severance Agreement is inadmissible evidence that cannot be used to defeat a motion for summary judgment. Under Federal Rule of Civil Procedure 56, evidence must be cable of being admissible at trial in order to be considered on summary judgment. Fed. R. Civ. P. 56(c)(2); *see also Philbin v. Trans Union Corp.*, 101 F. 3d 957, 961 n.1 (3d Cir. 1996) (explaining "hearsay statement . . . [that] is not capable of being admissible at trial . . . could not be considered on a motion for summary judgment"); *Barnes Found. v. Twp. of Lower Merion*, 982 F. Supp. 970, 981 (E.D. Pa. 1997) (internal citations omitted) ("Although the evidence presented on a motion for summary judgment does not have to be in admissible form, Rule 56(e) requires the presentation of evidence as would be admissible at trial, and thus the evidence must be reducible to admissible evidence at trial. . . ."). Federal Rule of Evidence 408(a) "prohibits the admission into evidence of 'furnishing or offering or promising to furnish . . . a valuable consideration in compromising or attempting to compromise [a] claim. . . .'" *Providence Town Center LP v. Raymours Furniture Co., Inc.*, 2009 WL 3821935, at *3 (E.D. Pa. Nov. 13, 2009).[3] This rule of evidence is "founded on two major policies: (1) the evidence is

---

[2] Plaintiff has not opposed Sequent's Motion for Summary Judgment as to the unjust enrichment claim and it appears, based on his response to Aeroseal's Motion for Summary Judgment, that Plaintiff has agreed to voluntarily dismiss this claim in its entirety.

[3] Federal Rule of Evidence 408(a) reads as follows:

irrelevant since the offer may be motivated by a desire for peace rather than from any concession of weakness of position [and] (2) . . . [the] promotion of the public policy favoring the compromise and settlement of disputes." *Phila.'s Church of Our Savior v. Concord Twp.*, 2004 WL 1824356, at *2 (E.D. Pa. July 27, 2004).

Here, as set forth in Sequent's brief in support of is response in opposition to Plaintiff's motion for partial summary judgment, the Severance Agreement plainly falls within the evidentiary prohibition established by Rule 408 and, as a result, cannot be used to defeat summary judgment. The overt purpose of the Severance Agreement was to resolve all claims or potential claims, regardless of merit, between Plaintiff, on the one hand, and Aeroseal and/or Sequent, on the other hand, in exchange for severance pay, in the amount of five thousand dollars ($5,000.00), that Plaintiff was not otherwise entitled to receive. (JA 0272 – JA 0276). Plaintiff is now attempting, without success, to prove the "validity" of the WPCL claim he has asserted against Sequent by relying on the language in the Severance Agreement, a document, which if signed, would have released all claims or potential claims, including those asserted in this case, against Aeroseal and Sequent. This is precisely the type of conduct Rule 408 was intended to prevent, utilizing an offer of compromise against a party in litigation. Accordingly, under Rule 408, the

---

> **(a) Prohibited Uses**. Evidence of the following is not admissible - on behalf of any party - either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering - or accepting, promising to accept, or offering to accept-a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim - except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed.R.Evid. 408

3

Severance Agreement is inadmissible evidence that cannot be utilized or relied upon to defeat summary judgment.

> B. **Summary judgment must be granted because, utilizing the proper standard, the now admitted facts make it clear Sequent is not an "agent" of Aeroseal that is subject to liability under the WPCL.**

Summary judgment must be granted because, utilizing the proper standard, the now admitted facts make it clear Sequent is not an "agent" of Aeroseal that is subject to liability under the WPCL. Under the WPCL, in order for an agent or officer to be subject to liability, "[t]he evidence must show" that the agent or officer "actively participated in decisions or gave advice regarding pay or compensation rather than *merely carried out decisions made by others*." *Britton v. Whittmanhart, Inc.*, 2009 WL 1855325, at *3 (E.D. Pa. June 25, 2009); *see also White v. Ciber, Inc.*, 2007 WL 3491272, at *3 (M.D. Pa. Nov. 14, 2007) (explaining that "an officer or agent who does not have decision-making or policy-making authority, but instead carries out decisions made by others is not an 'employer' under the WPCL"). The courts have further narrowed the circumstances where an agent or officer may be held liable under the WPCL by requiring the alleged officer to "have played an active role in the specific decision or policy making which led to the alleged WPCL violation" in order to be subject to liability under the statute. *Britton*, 2009 WL 1855325 at *3. These limitations make sense when read against the backdrop of the overarching purpose for holdings agents and officers liable under the WPCL, namely "to give . . . agents and officers an incentive to pay wages and benefits while the [corporate employer] still has the resources to do so." *Belcufine v. Aloe*, 112 F.3d 633, 639 (3d Cir. 1997).[4] Here, the facts

---

[4] Plaintiff has failed to raise an opposition to the portion of Sequent's Motion for Summary Judgment explaining that the liability of an alleged agent or officer, under the WPCL, is "contingent liability" and only arises when a plaintiff's actual employer is unable to pay the purportedly unpaid wages. (Sequent's Mot. for Summ. J. at 10). Plaintiff has conceded Aeroseal was his actual employer and failed to articulate any basis for concluding that Aeroseal will be unable to pay the wages that are allegedly owed to Plaintiff. (Resp. to Sequent's Statement of Undisputed Facts at ¶¶ 7-11, 14, 20, 25).

4

admitted by Plaintiff make it clear Sequent is not an agent of Aeroseal that may be held liable under the WPCL.

In response to Sequent's Motion for Summary Judgment, Plaintiff has admitted, in part, that (1) Aeroseal, not Sequent, made the decision to terminate his employment, (2) Aeroseal, not Sequent, "decided not to pay Plaintiff" his accrued PTO, (3) Aeroseal, not Sequent, made the commission payments to Plaintiff while he was employed by Aeroseal, (4) Aeroseal, not Sequent, is the entity that has allegedly "failed to make a payment" to Plaintiff, (5) Sequent prepared the Severance Agreement utilizing information provided by Aeroseal, and (6) Sequent simply performed limited HR and payroll services for Aeroseal. (Resp. to Sequent's Statement of Undisputed Facts at ¶¶ 1-3, 15, 26, 28-29, 31, 41; Br. in Opp'n to Summ. J. at 3). The only rational conclusion that can be drawn from these admitted facts is that Sequent simply "carried out decisions made by" Aeroseal. *Britton*, 2009 WL 1855325 at *3; *White*, 2007 WL 3491272 at *3. Stated differently, the admitted and undisputed facts make it clear Sequent was not involved in deciding whether to pay Plaintiff his accrued PTO or calculating the commission payments that may have been owed to Plaintiff, but rather just complied with the decisions Aeroseal made on these issues. The language in the Severance Agreement and employee handbook, the two documents Plaintiff principally relies on, do not alter these facts or the realities of the relationship between Aeroseal and Sequent. Accordingly, summary judgment should be granted because, under controlling case law, it is clear Sequent is not an "agent" of Aeroseal that may be subject to liability under the WPCL.

**C. Plaintiff has failed to raise an opposition to Sequent's Motion for Summary Judgment on the unjust enrichment claim, meaning this claim must be dismissed with prejudice.**

Plaintiff has failed to raise an opposition to Sequent's Motion for Summary Judgment on the unjust enrichment claim, meaning this claim must be dismissed with prejudice. While Plaintiff references the unjust enrichment claim in the introductory paragraph of his opposition, he does not address Sequent's arguments in support of its Motion for Summary Judgment as to that claim. Furthermore, based on Plaintiff's opposition to Aeroseal's Motion for Summary Judgment, it appears that Plaintiff has voluntarily agreed to dismiss the unjust enrichment claim as to Aeroseal with prejudice. For these reasons, summary judgment should be granted and the unjust enrichment claim should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing and the previously filed motion papers, Defendant Sequent, Inc. respectfully requests this Honorable Court to enter an order granting summary judgment and dismissing all remaining claims asserted against it in this case with prejudice.

**FISHER & PHILLIPS LLP**

*/s/ Lori Armstrong Halber*
Lori Armstrong Halber, Esq.
Gregory D. Hanscom, Esq.
150 N. Radnor Chester Road, Ste. C300
Radnor, PA 19087
Telephone: (610) 230-2150
Facsimile: (610) 230-2151
lhalber@laborlawyers.com
ghanscom@laborlawyers.com

*Attorneys for Defendant*
*Sequent, Inc.*

Date: April 13, 2016

# **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the date shown below a true and correct copy of the foregoing Reply Brief, along with all appended materials, was electronically filed and will be electronically served on all counsel of record.

*/s/ Gregory D. Hanscom*
Gregory D. Hanscom, Esq.

Date: April 13, 2016